IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RICHARD A. DEVANE, | : |
| | :    CASE NO.: 1:08-CV-47  (WLS) |
| Petitioner, | : |
| | : |
| vs. | : |
| | : |
| BILLY O. BROWN, Warden, | : |
| | : |
| Respondent. | : |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L. Hodge (Doc. #16), filed February 3, 2009.  It is recommended that Respondent's motion to dismiss Petitioner's petition for federal habeas relief (Doc. #10) and motion to substitute party (Doc. #11)  be granted.  The ground for dismissal is that the petition is untimely under the Antiterrorism and Effective Death Penalty Act (hereinafter, "AEDPA"). Petitioner has timely filed his written objection.

Petitioner does not contest the Magistrate Judge's finding as to determination of the deadline for Petitioner to file his federal petition under the Act.  Instead, Petitioner essentially argues that the Magistrate Judge did not consider Petitioner's explanation in support of tolling the time limits of the AEDPA.  Petitioner directs the Court to the explanation he provided initially in his petition and which he asserts the Magistrate Judge did not consider.  However, this argument is undercut because the Magistrate Judge made a direct reference to Petitioner's concluding argument found in the petition.

The Recommendation includes the following: "Petitioner states that he is entitled to have his petition heard on the merits because it is impermissible to retroactively apply the

AEDPA's statute of limitations requirement to his case as his conviction was final before the enactment of the filing provision." (Doc. #16, p.3).  This Court's review of the petition notes the following statements, among others,  in Petitioner's Petition for Writ of Habeas Corpus (Doc. #2): "For ten years prior to A.E.D.P.A. my settled understanding had been that I could file a habeas petition at any time during my custody... I felt no need to check the Habeas Statute every year...  While I realize the new standards of review add other provisions of A.E.D.P.A. could apply to me, the one-year time bar should not apply because it clearly results in 'new legal consequences'; the absolute denial of federal review."  (Doc. #1, p.5).  He asserts the application of the time bar is unconstitutional.  The Magistrate Judge addressed this contention.

Petitioner further notes that unlike other petitioners, he was "not in prison when A.E.D.P.A. became law..." (Doc. #1, p.6).  This Court has also fully reviewed Petitioner's explanation and finds no support for tolling the AEDPA time bar.  Petitioner essentially argues that he initially relied on the advice of two lawyers (one a post-conviction attorney), that he was helped by a politician to get paroled,  and years later after his parole was  revoked, he was advised by a "jailhouse lawyer" as to his grounds for appeal.  It is clear, as found by the Magistrate Judge, that Petitioner was not prevented from timely filing a federal habeas. *See* Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008) (holding that absent "allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth," failure of a Death Row Inmate's lawyer to file federal habeas petition timely, despite repeated instructions to do so, did not constitute "extraordinary circumstances," which would warrant application of equitable tolling).  Petitioner has shown no extraordinary reason for tolling the time limitation.

Petitioner also contends that his claims of actual innocence should permit him to proceed.  Interestingly, what Petitioner refers to as actual innocence is more accurately described as simply an attack on his conviction based on allegations of ineffective assistance of trial and appellate counsel.  He vehemently argues there was perjured testimony regarding a recovered butter knife allegedly recovered by a non-testifying witness, alleged conflicting testimony regarding it and the victim's description of her assailant as "clean-shaved", although Petitioner's mug shot  allegedly taken "four" or "eight" days later showed that Petitioner had a

full mustache.  However, Petitioner concedes that the victim did not identify him at trial resulting in a conviction on circumstantial evidence.  It should also be noted that the Georgia Court of Appeals on his direct appeal specifically found that the circumstantial evidence fully supported Petitioner's conviction Devane v. The State, 183 Ga. App. 60, 357 S.E.2d 819 (1987).  A federal habeas court must give the state appellate court's findings of fact a presumption of correctness.  *See* Towne v. Dugger, 899 F.2d 1104, 1106 (11th Cir. 1990); Paxton v. Jarvis, 735 F.2d 1306, 1308 (11th Cir. 1984).  Lastly, the State habeas court found against Petitioner on his claims of ineffective assistance of counsel.  Upon review, the Court finds there is no showing that the state habeas court failed to apply the correct federal law or unreasonably applied the law even if Petitioner would have gotten past the time bar.  *See* Williams v. Taylor, 120 S. Ct. 1495, 1519 (2000); Jackson v. Virginia, 443 U.S. 307 (1979).

This Court, upon its review of the record, agrees with the findings of the Magistrate Judge: (1) Petitioner's petition is time-barred under the AEDPA; (2) Petitioner has failed to show that the circumstances should result in tolling of his late filing; and (3) Petitioner has failed to make a showing of actual innocence such that he can establish a miscarriage of justice based on the claims he asserts and thus allowing further review of his conviction.

Upon full review and consideration upon the record, the Court finds that the Report and Recommendation should be, and hereby is, ACCEPTED, ADOPTED and made the Order of the Court together with the findings made, reasons stated and conclusions reached herein.  Accordingly, Respondent's motion to dismiss (Doc. #10) and motion to substitute party (Doc. #11) are GRANTED.  Petitioner's petition for federal habeas relief is DENIED.

**SO ORDERED**, this 31st  day of **March, 2009.**

      /w/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**